UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DOLORES ROBINSON,

    Plaintiff,

-VS-                                      CASE NO.:

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, L.P.

    Defendant.         /

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq* ("TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C §§1331 and 1337. *Mims v. Arrow Financial Services LLC.*, 132 S. Ct. 740, 751-53 (2012).

4. The alleged violations described in the Complaint occurred in Madison County, Tennessee.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and a citizen of the State of Tennessee, residing in Madison County, Tennessee.

6. Plaintiff is an alleged debtor.

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, Verizon Wireless Personal Communications, L.P. (hereinafter

1

"Verizon") is a corporation and a citizen of the State of Tennessee with its principal place of business at One Verizon Way, Basking Ridge, NJ 07920.

9. Defendant followed their corporate policy when attempting to communicate with the Plaintiff.

10. Defendant placed approximately 64 calls to Plaintiff since 12/15/12.

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and back to back days, with such frequency as can reasonably be expected to harass.

12. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

13. On or about December 15, 2012, Plaintiff received a telephone call to her cellular telephone number, [(731)225-2125] from the Defendant at which time they left a prerecorded voicemail for a person by the name of "Dustin E. Luther". The Plaintiff also received a text message to the same cellular number immediately following the phone call.

14. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

15. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

16. Defendant left pre-recorded or artificial voice messages and text messages on the Plaintiff's cellular phone. See attached Exhibit "A".

17. On 2/7/13 Plaintiff returned the Defendant's call. Initially, Plaintiff talked with Anthony, a representative, who transferred her to Audrey, a supervisor. Plaintiff informed Audrey that she had been receiving calls since 12/15/12 from Defendant for a Dustin E. Luther. Plaintiff informed Defendant that she was not Dustin E. Luther and did not know Dustin E. Luther. Plaintiff asked for the phone calls to cease. Audrey asked the Plaintiff for her cellular number,

which Plaintiff provided. Audrey indicated that Plaintiff's number was not a Verizon Wireless phone number. The Plaintiff informed Audrey she has a prepaid cellular phone with a different provider. Audrey informed Plaintiff that she would take care of it, and the phone calls would stop.

18. The Plaintiff had similar conversations with the Defendant on 3/15/13, 4/19/13, and 5/6/13.

19. On 5/6/13, the Defendant left the following prerecorded and/or artificial voice message on Plaintiff's voicemail on her cellular phone:

> This is Verizon Wireless calling about a change in the status of the account for Dustin E. Luther. It is important that we speak to you in the next twenty-four (24) hours. Please call us today at 1-800-249-2462. You will be asked to enter your ten (10) digit Verizon Wireless phone number which is 757-663-6303. Again our number is 1-800-249-2462, and enter your ten (10) digit Verizon Wireless phone number. Thank you from Verizon Wireless.

20. Plaintiff received approximately 64 calls from Defendant from February 2012 through May of 2013, and the calls and/or texts continue through the filing of this Complaint.

21. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

22. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

23. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

24. Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

25. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system, auto dialer or a pre-recorded or artificial voice prior to Defendant's placement of calls.

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes:

as specified in 47 U.S.C. §227(b)(1)(A).

27. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

<u>COUNT I</u><br>
(Violation of the TCPA)

28. Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

29. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, auto dialer or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney's fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Mark A. Lambert
**MARK A. LAMBERT (BPR No.: 22509)**
Morgan & Morgan, PA
Attorney for Plaintiff
40 S. Main Street, Suite 2600
One Commerce Square
Memphis, Tennessee 38103
(901) 217-7000 phone
(901) 333-1897 fax
MLambert@ForThePeople.com

And,

4

/s/ William Peerce Howard
(Motion for Leave to appear Pro Hac Vice forthcoming)
William Peerce Howard, Esq.
Florida Bar No.: 0103330
Amanda J. Allen, Esq.
Florida Bar No.: 098228
Attorney for Plaintiff
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
WHoward@ForThePeople.com
AAllen@ForThePeople.com
KRodriguez@ForThePeople.com

I, Mark A. Lambert, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Service of Process on its Registered Agent.

/s/ Mark A. Lambert
**MARK A. LAMBERT (BPR No.: 22509)**
Morgan & Morgan, PA
Attorney for Plaintiff
40 S. Main Street, Suite 2600
One Commerce Square
Memphis, Tennessee 38103
(901) 217-7000 phone
(901) 333-1897 fax
mlambert@forthepeople.com

5